UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

**MEMORANDUM OPINION AND ORDER**
v.  Crim. No. 17-205 (01) (MJD)

Devlin Martin Forbes,

    Defendant/Petitioner.

_____

    Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Respondent.

    Andrew H. Mohring, Assistant Federal Defender, Counsel for Petitioner.

_____

This matter is before the Court upon Petitioner's motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 103]

**I.    Background**

On September 26, 2017, Petitioner pled guilty to Count 1 of the Indictment which charged him with Conspiracy to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 and Count 5 which charged

Carrying a Firearm During Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A).

In paragraph 2 of the Plea Agreement, Petitioner stipulated to the following factual basis: That on December 20, 2016, he sold 220 grams of methamphetamine to a confidential informant. He further agreed that on July 10, 2017, co-defendant Oscar Serrano was stopped by the South Dakota Highway Patrol, who found approximately 13 kilograms of methamphetamine in a hidden compartment in the car, and that Serrano told law enforcement he was delivering the drugs to Petitioner. Petitioner further agreed that on July 12, 2017, he took possession of a backpack which he believed contained the methamphetamine. When Petitioner was arrested, he was found in possession of approximately two pounds of methamphetamine and a loaded Ruger P90DC, .45 caliber semi-automatic handgun. Petitioner further agreed that law enforcement searched his stash apartment and seized additional firearms, approximately six kilograms of methamphetamine, approximately 900 grams of heroin, two kilograms of cocaine, and quantifies of LSD, psilocybin mushrooms and marijuana. Petitioner agreed that he conspired to distribute the methamphetamine and that

he carried the Ruger .45 caliber handgun during and in relation to his possession with intent to distribute approximately two pounds of methamphetamine.

On April 4, 2018, he was sentenced to a term of imprisonment of 300 months, consisting of 240 months on Count 1 and 60 months on Count 5, to be served consecutively. Petitioner's sentence is a downward variance from the applicable guideline range of 360 months to life as to Count 1 and a mandatory 60 month consecutive sentence for Count 5. Petitioner did not appeal his sentence.

## II.     Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011).  It is not intended to

be a substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

Petitioner is entitled to an evidentiary hearing on his petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted). The Court finds that Petitioner has not demonstrated that he is entitled to an evidentiary hearing because his claims are

contradicted by the record.[1]

## III. Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel may constitute both cause and prejudice to excuse a procedural default. Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999) (citation omitted). Such claims must be scrutinized under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, Petitioner must prove that: 1) counsel's representation was deficient; and 2) counsel's deficient performance prejudiced Petitioner's case. Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000) reh'g and reh'g en banc denied, (March 28, 2000).

To satisfy the first prong of the Strickland test, Petitioner must show that counsel's representation fell below an objective standard of reasonableness under professional norms. Strickland, 466 U.S. at 688. The inquiry should be whether counsel's assistance was reasonable considering all of the circumstances surrounding the case. Id. Judicial scrutiny of counsel's performance should be

---

1 In opposition to the petition for habeas relief, the government submitted the affidavit of defense counsel Gary Wolf. The Court has not considered the affidavit of Mr. Wolf in deciding the merits of Petitioner's claims.

highly deferential, and the general presumption is that counsel's conduct "falls within the wide range of reasonable professional assistance." Id. at 689.

To satisfy the second prong under the Strickland test, Petitioner must show that but for counsel's errors, the outcome of the proceedings would have been different. Id. at 691. The analysis may begin with the second prong and if Petitioner fails to show actual prejudice, the Court need not consider the reasonableness of counsel's behavior. Id.

### A. Claim I

Petitioner claims that defense counsel's performance fell below an objective standard of reasonableness because he should have argued there was insufficient evidence that he carried the gun during and in relation to a drug trafficking crime. Petitioner concedes that he acknowledged in the Plea Agreement that he had distributed methamphetamine and maintained firearms, but that no evidence was presented that Petitioner carried a firearm in connection with a drug crime or that he used a firearm to obtain drugs from a confidential informant.

As set forth above, however, Petitioner stipulated in the Plea Agreement that he carried the Ruger .45 caliber handgun during and in relation to his

6

possession with intent to distribute the two pounds of methamphetamine that was found in his car at the time of his arrest. (Doc. No. 39 (Plea Agmt ¶ 2).) At his Plea hearing, he affirmed under oath that he had in his possession at the time of his arrest the Ruger handgun, and that he carried the handgun during and in relation to the charge of possessing methamphetamine with the intent to distribute. (Doc. No. 109 (Plea Hr'g Tr. at 26).)

A conviction under 18 U.S.C. § 924(c) must be based on evidence of "a nexus between the defendant's possession of the firearm and the drug offense, such as evidence that the firearm was used for protection, was kept near the drugs, and was in close proximity to the defendant during drug transactions." United States v. Crumley, 528 F.3d 1053, 1067 (8th Cir. 2008). Petitioner's admission that he was in possession of a firearm and two pounds of methamphetamine at the time of his arrest is sufficient evidence to support his conviction under Section 924(c). Accordingly, this claim has no merit.

**B.   Claim II**

Petitioner asserts he was denied effective assistance of counsel and due process of law at sentencing when counsel failed to ensure the Court made a

finding as to relevant conduct. Petitioner believes that had the Court done so, the quantity of drugs attributable to him would have been substantially less. Petitioner argues that the drugs found at the stash house should not be attributed to him because the government did not prove that Petitioner actually possessed the drugs or had dominion or control over the drugs.

The Court finds that the record does not support this claim. In the Plea Agreement, Petitioner agreed he was responsible for the stash apartment. "The police later searched the defendant's 'stash' apartment in Minneapolis and seized the firearms [], approximately six kilograms of methamphetamine, 900 grams of heroin, approximately two kilograms of cocaine, and quantities of LSD, psilocybin mushrooms and marijuana." (Doc. No. 39 (Plea Agmt ¶ 2).) Petitioner further "stipulate[d] and agree[d] that he conspired to distribute methamphetamine, that he intended to distribute over 4.5 kilograms of actual methamphetamine in furtherance of the conspiracy . . ." (Id.) Petitioner further agreed that his base offense level was 38 based on the stipulated 4.5 kilograms of methamphetamine. (Id. ¶ 8(a).) At sentencing, the Court calculated Petitioner's guideline range based on the stipulated drug amount. (Doc. No. 110 (Sentencing

Tr. at 3, adopting the guideline calculations set forth in the Presentence Investigation Report).)

Because Petitioner's applicable guideline range was determined based on the stipulated drug amounts – not based on relevant conduct - Petitioner cannot demonstrate he was prejudiced by counsel's alleged failure to require the Court to make findings as to relevant conduct.   As a result, this claim has no merit.

C.    **Claim III**

Petitioner also claims that counsel was ineffective because he did not challenge the two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance because the government failed to prove that he maintained a stash house.   This claim has no merit.

Petitioner agreed in his Plea Agreement that he had a stash house. (Doc. No. 39 (Plea Agmt ¶ 2).)   At his plea hearing, he admitted that police searched an apartment that he had the use of, that a substantial quantity of drugs was found in the apartment, and that Petitioner admitted the drugs were his.   (Doc. No. 39 (Plea Tr. at 27).)   At his sentencing, Petitioner informed the Court that he had

9

three stash houses, and explained that a "stash house is a place where a drug dealer would hide their drugs or money to keep it a secret place so if the police were to raid their residence they would find absolutely nothing." (Sent. Tr. at 20.) Such evidence demonstrates by a preponderance of the evidence that Petitioner maintained a stash house.

Petitioner further argues that counsel was ineffective because he did not challenge the application of a three-level enhancement for being a manager or supervisor of a conspiracy pursuant to U.S.S.G. § 3B1.1(b). Pursuant to § 3B1.1(b), if the defendant was a manager or supervisor and the criminal activity involved five or more people, the base offense level should be increased by three levels. Factors the Court should consider in deciding whether this enhancement applies include "the exercise of decision making authority, the nature of the participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, Application Note 4. In addition, the enhancement applies even

if the defendant managed or supervised only one person, "even if the management activity was limited to a single transaction." <u>United States v. Irlmeier</u>, 750 F.3d 759, 764 (8th Cir. 2014) (citation omitted).

The record supports this enhancement, thus any challenge to its application would not have changed the proceedings herein. In the Plea Agreement, Petitioner agreed that his offense level should be increased by three levels for his role in the offense. (Doc. No. 39 (Plea Agmt ¶ 8(c)).) He further admitted that he used at least three stash houses, and that co-defendant Serrano was transporting drugs for him. Such evidence demonstrates by a preponderance of the evidence that Petitioner was a manager or supervisor of the conspiracy.

## V. Certificate of Appealability

With regard to the procedural rulings in this Order, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). With regard to the decision on the merits, the Court concludes that no "reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong."  Id.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 103] is **DENIED.**  The Court will not issue a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date:   December 11, 2019

s/ Michael J. Davis
Michael J. Davis
United States District Court