UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 17-205 (01) (MJD)

Devlin Martin Forbes,

    Defendant/Petitioner.

_____

    Thomas M. Hollenhorst, Assistant United States Attorney, Counsel for Respondent.

    Petitioner, *pro se*.

_____

This matter is before the Court upon Petitioner's motion to Correct Sentence or for an Evidentiary Hearing. (Doc. No. 124)

I.     **Background**

On March 18, 2019, Petitioner filed a motion to Vacate his Sentence under 28 U.S.C. § 2255. In support, Petitioner asserted he was denied effective assistance of counsel based on counsel's failure to argue there was insufficient evidence that he carried the gun during and in relation to a drug trafficking

1

crime; that he was denied effective assistance of counsel and due process of law at sentencing when counsel failed to ensure the Court made a finding as to relevant conduct; and that counsel was ineffective because he did not challenge the two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance because the government failed to prove that he maintained a stash house.

The government filed a response brief and attached an affidavit from defense counsel concerning the claims listed in the petition. The Court thereafter granted Petitioner's motion for appointment of counsel and an extension to file a reply brief. (Doc. Nos. 114 and 117)

In Petitioner's reply brief, counsel noted that his appointment was limited to the claims presented in the petition before the Court, and that based on a review of the file and submissions of the parties, and based on his discussion of the issues with Petitioner, that counsel and Petitioner agreed the issues were presented as well as they could be and that counsel had nothing to add to what had been presented to date. (Doc. No. 121)

On December 11, 2019, the Court issued its Memorandum Opinion and Order denying the petition. (Doc. No. 122  In ruling on the petition, the Court noted that it did not consider the affidavit from Petitioner's previous counsel. (Doc. No. 122 at 5, n. 1)

**II.    Petitioner's Motion to Correct Sentence and for an Evidentiary Hearing**

On December 27, 2019, Petitioner filed the instant motion claiming there was miscommunication with appointed counsel with respect to the filing of his reply brief.   He now claims that he told counsel to wait to file the reply until after Petitioner had submitted an affidavit.   Due to a lockdown at the prison facility, Petitioner asserts he lost contact with appointed counsel.

In support of his motion, Petitioner also filed an affidavit in which he asserts claims that his previous defense counsel included false statements in his affidavit submitted with the government's response brief and in which he includes new claims of ineffective assistance of counsel.   These new claims include arguments that counsel misrepresented to Petitioner that he had worked out a deal with the government to allow him to enter into a plea agreement pursuant to Fed. R. Crim. P. 11 (c)(1)(C) that provides for a specific sentence and

that counsel did not properly review discovery and the presentence investigation report with him.

Because the Court has ruled on the § 2255 petition and judgment has been entered, the Court must determine whether to construe the present motion as one under Rule 60(b)(6) of the Federal Rules of Civil Procedure or a successive habeas petition.

**III.   Rule 60(b)(6)**

Rule 60(b) provides in relevant part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief." "[R]elief under rule 60(b)(6) remains 'an extraordinary remedy' for 'exceptional circumstances.'" City of Duluth v. Fond du Lac Band of Lake Superior Chippewa, 702 F.3d 1147, 1155 (8th Cir. 2013).

When a petitioner files a motion pursuant to Rule 60 following the dismissal of his habeas petition, the Court is to conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2255.   Boyd v. United

4

States, 304 F.3d 813, 814 (8th Cir. 2002). This inquiry is necessary because the law is clear that a petitioner "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005). Section 2255 provides that prior to filing a successive petition for relief, the petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2255 (h).

A Rule 60(b) motion should be construed as a successive habeas petition if the motion contains a claim as defined in Gonzalez v. Crosby, 545 U.S. 534 (2005). Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009). In Gonzalez, the Supreme Court defined a "claim" as one that sought to add a new ground for relief, or one that attacks the federal court's previous resolution of a claim on the merits. Gonzalez, 545 U.S. at 532. On the other hand,

> [n]o claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." This reasoning is illustrated in *Gonzalez*, in

> which the petitioner moved for relief from judgment challenging the district court's determination that his habeas petition was time barred under AEDPA. Because the motion challenged only the statute of limitations that applied to the habeas proceeding and did not assert a claim, the Supreme Court held that it was not a second or successive habeas petition.

Ward, 577 F.3d at 933. (internal citations omitted).

A Rule 60 motion that is "an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Id. (quoting Gonzalez, 545 U.S. at 532 n. 5). Based on Gonzalez, the Eighth Circuit held a Rule 60(b) motion that claimed the petitioner was incompetent when his original habeas petition had been litigated was, in effect, a new claim of ineffective assistance of counsel based on counsel's failure to present petitioner's incompetence to the court, and that the district court was correct to dismiss the motion as a successive habeas petition. Id. at 934.

In this case, Petitioner claims there was a miscommunication between himself and counsel, and as a result, counsel did not address the new claims in Petitioner's affidavit. This is not a claim that attacks "some defect in the integrity of the federal habeas proceedings" or a claim involving "failure to exhaust,

6

procedural default, or statute-of-limitations bar." Ward, 577 F.3d at 933.  Rather, the Court finds that Petitioner appears to be asserting an indirect attack on habeas counsel's performance, as well as Petitioner's attempt to raise new claims. Accordingly, the Court finds that the motion before it is a successive habeas petition.

Petitioner did not move in the appropriate court of appeals for an order authorizing the district court to consider his motion as required under § 2255(h). As a result, dismissal of the motion is appropriate.  See Boyd, 304 F.3d at 814.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Correct Sentence or Grant an Evidentiary Hearing [Doc. No. 124] is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   March 31, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court
